## ALPHEUS FIELD *versus* WILLIAM HUSTON.

In construing deeds, one rule is, that a grant shall be taken most forcibly against the grantor. ,

Another rule is, that general words are not restrained by restrictive words added, where such words do not clearly indicate the intention and designate the grant.

If reference be made in a deed of conveyance to other deeds by any definite description, they are to be regarded as parts of the conveyance; but to have that effect, the intention of the parties that they should be, must clearly appear.

Where the grantor, at the time of the conveyance, had been in possession of and claimed to own several tracts of land adjoining each other, and containing in the whole about 280 acres, and by a deed conveyed a tract of land and described it as follows: "*A certain tract or parcel of land, situate in Falmouth, containing 230 acres more or less, all the lands which I own in said town, the butts and bounds may be found in the county records at Portland,*" and conveyances to him were found on record " of several different tracts of land adjoining each other, all containing 235 acres, and adjoining to these several tracts was another, the close in dispute, and which was claimed and possessed by the grantor, but to which he did not appear to have had any title apparent by the record, or any other than a title acquired by possession :" it was held, that *the whole* of the land was conveyed.

THIS case was argued in 1840, but the opinion was not delivered until April Term, 1843. The action was trespass *quare clausum* for cutting trees on the plaintiff's land in Falmouth. It appeared on the trial that the plaintiff, prior to March 22d, 1821, had been in possession of and claimed to own several tracts of land adjoining each other, and containing in the whole about two hundred and eighty acres; and on that day, by a deed of mortgage, conveyed a tract of land to Samuel Brackett, and described it as follows. "A certain tract or parcel of land, situate in Falmouth, containing two hundred and thirty acres more or less, all the said lands which I own in said town of Falmouth, the butts and bounds may be found in the county records at Portland." Upon examination of the county records conveyances were found of several different tracts of land adjoining each other, and all of them containing two hundred and thirty-five acres. Adjoining to these several tracts is another, which is the close in dispute, and which was

claimed and possessed by the plaintiff, but to which he does not appear to have had any title apparent by the record, or any other than a title acquired by possession.

The defendant derived title to this land under the deed from the plaintiff to Brackett, and contended that it was conveyed by that deed. The plaintiff claimed title by possession, and denied that he had conveyed it to Brackett. The case was taken from the jury, and the parties agreed to submit the case on these facts for the opinion of the Court, and a nonsuit or default was to be directed, in conformity with the opinion.

*Deblois,* for the plaintiff, contended that the plaintiff was entitled to recover. All the parts of a deed are to be taken into consideration in giving it a construction, and nothing should be rejected, unless inconsistent or contradictory. *Vose* v. *Handy,* 2 Greenl. 322; *Worthington* v. *Hylyer,* 4 Mass. R. 196; *Thorndike* v. *Barrett,* 2 Greenl. 312; *Cate* v. *Thayer,* 3 Greenl. 71; *Keith* v. *Reynolds,* 3 Greenl. 393; *Drinkwater* v. *Sawyer,* 7 Greenl. 366; *Thorndike* v. *Richards* 1 Shepl. 430; *Willard* v. *Moulton,* 4 Greenl. 14; *Bradbury* v. *White,* 4 Greenl. 391.

All the words are to be made operative, if they can be. *Child* v. *Fickett,* 4 Greenl. 471; Shep. Touch. 87; 2 Cruise, 293; 1 Peere Wms. 457; 16 Johns. R. 176; 1 Vern. 416; 1 Phill. Ev. 473. The number of acres excludes this land. The words "I own," apply to the land owned by deed, and not to that of which he was merely in possession. *Thorndike* v. *Barrett,* 2 Greenl. 312; *Crosby* v. *Parker,* 4 Mass. R. 110.

The reference in the deed to the county records restricts the land conveyed to such as might be found there to belong to the grantor, and excludes the land in controversy. *Allen* v. *Allen,* 2. Shepl. 389; *Thorndike* v. *Richards,* 1 Shepl. 430; *Boylston* v. *Carver,* 11 Mass. R. 515; *Whiting* v. *Dewey,* 15 Pick. 428.

The less certain words, if there be a contradiction, should yield to the more certain. *Allen* v. *Littlefield,* 7 Greenl. 220; *Bradbury* v. *White,* 4 Greenl. 391; *Call* v. *Barker,* 3 Fairf. 320.

*Codman & Fox*, for the defendant, considered that the land was clearly conveyed to Brackett by the plaintiff. All the land in Falmouth owned by the grantor, was a sufficient description. This is not limited by the reference to the registry. Deeds should be taken most strongly against the grantor, where there is any inconsistency in the grant. *Worthington* v. *Hylyer*, 4 Mass. R. 196.

The first and leading object in the deed was to convey the farm in Falmouth on which the grantor lived. Had there been no deeds of the land recorded, still the farm would have passed by the deed. *Keith* v. *Reynolds*, 3 Greenl. 393; *Child* v. *Fickett*, 4 Greenl. 471; *Drinkwater* v. *Sawyer*, 7 Greenl. 366.

The number of acres mentioned in a deed, especially where, as in this case, the deed itself states the number to be uncertain, by the insertion of the words more or less, amounts to nothing. And it is also wholly immaterial how the title of the grantor was acquired, whether by deed, devise, inheritance or disseisin. All the land he owned in Falmouth was conveyed.

*Daveis*, for the plaintiff, replied.

The opinion of the Court was drawn up by

SHEPLEY J. — The plaintiff, on the day when the deed from himself to Brackett was executed, was in the possession of a farm formed from several lots all adjoining; and he claimed to be the owner of the whole of it. This farm, or a portion of it, was to be mortgaged to secure a debt. The mortgagee would be interested to know, whether all or what portion he was to receive as security; and it would appear from the deed, that no opportunity was afforded to examine the title deeds, otherwise they would have been referred to more explicitly. A conveyance of all his farm, or all the land he owned in the town, would be a clear indication to both parties of the estate to be conveyed. If it had not been the intention of the plaintiff to convey the tract demanded, would he have signed a deed declaring, that he conveyed all he owned, when it appears, that he then possessed and claimed

to own another tract of forty-five acres. It is difficult to believe, that there could have existed a doubt between the parties to that deed, that the whole farm was conveyed. This would surely be the conclusion, unless the language used admits of a construction, that it was not all the land he owned in Falmouth, but all that he owned in Falmouth the bounds of which were to be found in deeds recorded. If this should be admitted to have been the intention, the effect would be to convey only such portion of the farm as was held by a recorded title, although it might be the lesser portion, and although the grantor had a perfectly good title to the remaining portions by deeds of conveyance not recorded. A construction of the language that would have such an effect, is not admissible. It does not appear to be the most simple and literal interpretation of it. The language literally declares, that the grantor conveys all the land he owned in Falmouth, and that the butts and bounds of it all might be found in the county records. The latter statement proves to have been partially erroneous, and so far as it is so, is to be rejected and disregarded. It is true, that when reference is made in a deed of conveyance to other deeds by any definite description, they are to be regarded as parts of the conveyance. The intention of the parties, that they should be, is clearly made known. In this case there is no reference to any deed, and the want of any such reference by date, names of the parties to it, or otherwise, leaves a just inference that no such deeds were present or examined, and that no confidence was placed in the reference to the records to ascertain the extent of the estate conveyed. The rules of construction appear to be in accordance with this view of the case. The one, that every man's grant shall be taken most forcibly against himself, will not be questioned. 1 *Inst.* 183, *a*; *Adams* v. *Frothingham*, 3 Mass. R. 361; *Jackson* v. *Blodget*, 16 Johns. R. 178. Another rule is, that general words are not restrained by restrictive words added, where such words do not clearly indicate the intention and designate the grant. Com. Dig. Parols, A. 23. A case is stated from 2 Rol. 193, l. 10, of a grant of all lands in L.

followed by a grant of the rectory of L. when there were two rectories in L; and it was held, that all the lands passed including both rectories. So if one grant his manor of D. in the county of N. and all his lands in England, parcel of the same manor; all the lands, that are parcel of the manor, will pass though not in the county of N. Com. Dig. Grant, E. 12. Where there was a grant of seventy-eight acres of land and all tithes belonging to the grantor, " and also the tithes of the seventy-eight acres, all which were lately in the farm or occupation of Margaret Peto"; it was held that the tithes of the lands passed though never in the occupation of Margaret Peto. *Swift* v. *Eyres,* Cro. Car. 546. This rule was received in *Bott* v. *Burnell,* 11 Mass. R. 167; and applied in *Cutter* v. *Tufts,* 3 Pick. 272; *Keith* v. *Reynolds,* 3 Greenl. 393. But where the general language appears to have been used to designate the situation or place where the estate is to be found, and the restrictive words to designate what is conveyed, this rule would of course be inapplicable. The case of *Thorndike* v. *Richards,* 13 Maine R. 430, belongs more properly to the latter class of cases. In *Allen* v. *Allen,* 14 Maine R. 387, what was intended by the farm was made certain by the other part of the description. These cases are not regarded as at variance with the rule before stated. Both parts of the description might be consistent. There was no necessity for rejecting any part of it. In this case " all the lands which I own in the said town of Falmouth" can never be consistent with an exclusion of forty-five acres claimed to be owned, and to which no other claimant has appeared. There must be therefore a rejection of some portion of the description, if the words " the butts and bounds may be found in the county records at Portland" can be regarded as forming a part of it. To reject the former part, which is clear and retain the latter, would have the effect to give a preference to a somewhat loose declaration, used restrictively, over a more clear and preceding description, and one more clearly indicating the intention of the parties. The quantity of land named in the deed can afford little, if any, indication of the intention of the parties.

The insertion of the words "more or less" shews, that it was not certainly known, and that no reliance was placed upon it. Such words are introduced to prevent the insertion of the quantity of land from having any material influence upon the rights of the parties. And it has been decided, that the statement of the quantity is superfluous and immaterial, when these words were not contained in the deed. *Powell* v. *Clark*, 5 Mass. R. 355 ; *Mann* v. *Pearson*, 2 Johns. R. 37. In the case of *Jackson* v. *Barrenger*, 15 Johns. R. 471 the description of the land in the lease for three lives was " all that farm or tract of land being part of the said manor beginning to wit ; the farm which Jacobus Jose Decker now lives on, laying east of the farm of Jacob Miller, west of the farm of Andries Bartle and Jerry Decker,- and south of the farm of Teunis Becker, to contain eighty acres in one piece." It will be perceived, that there was no boundary named on the south of the farm ; which as occupied by the defendant contained 149 1-2 acres of land. The Court say, " It is the farm whereon Jacobus J. Decker now lives. It is reasonably and fairly to be presumed, that this possession was known to both parties, and that it was the farm as an entirety thus possessed by Decker, that was intended to be embraced in the lease." A similar presumption arises in this case, as to what the plaintiff actually occupied and claimed to own ; and as to the intention to convey it as an entirety.

The word " own" as used in the description cannot upon the facts stated in the report afford any indication, that it was used in contradistinction to what he possessed, and was designed to exclude a part of those possessions. For the case finds, that prior to the conveyance " he had been in possession and *claimed to own*" all the several tracts composing the farm. How long he had claimed to own the lot now demanded does not appear. Could he have intended to exclude from a conveyance of all he owned any part of what he claimed to own ? Or could his grantee have imagined, that his deed would not convey all which his grantor asserted, that he owned ? It is true that the case also finds, that " he does not appear to have

Field *v.* Huston.

had any title apparent by the record, or any other than a title acquired by possession." This language is nearly equivalent to saying that he at least had a title by possession. And there is nothing in the case indicating, that he had not at the time of the conveyance a perfectly good title by possession or otherwise. It is easy to perceive, that he might have had a deed of conveyance unrecorded, and which was unknown to the other party, and that his interest would have prevented its introduction. If there were testimony in the case to shew, that at the time of the conveyance the plaintiff had not already acquired a good title by possession or otherwise, it might be reasonable to attach more importance to the use of the word own; but there is no such testimony.

The legal conclusion therefore appears to be that the language of the deed conveys the lot demanded, and that it was the intention of the parties, that it should do so.

*New trial granted.*